DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)
ERICA ALLEN, ESQ. (SBN 234922)(eag@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Ste. 1025
Los Angeles, California 90069
(310) 203-9333; (310) 203-9233

Attorneys for Plaintiff,
JUAN LUIS GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS GARCIA | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. COPYRIGHT INFRINGEMENT (28 U.S.C. §§1331, 1338, *et seq.*) |
| SHELTON JACKSON LEE, a/k/a "SPIKE LEE;" FORTY ACRES AND A MULE FILMWORKS, INC.; 11:24 DESIGN, INC.; ART SIMS, JR.; and DOES 1 though 10, inclusive, | 2. INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C § 1202) |
| Defendants | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JUAN LUIS GARCIA, ("Plaintiff" or "Garcia") and complains of and alleges the following:

1
COMPLAINT FOR DAMAGES

## INTRODUCTION AND OVERVIEW

1. This is a clear liability copyright infringement case, in which Defendants engaged in advertising activity, including but not limiting to, copying and distributing, without authorization, movie posters featuring Plaintiff's copyright protected designs, causing significant advertising injury to Plaintiff. Plaintiff seeks recovery of all remedies available under law including but not limited to its damages, all of Defendants' profits, and payment of Plaintiff's attorneys fees and costs.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) as a claim arising under the Copyright Act 17 U.S.C. §§ 101 *et seq*.

3. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property.

## PARTIES

### The Plaintiff

6. Plaintiff JUAN LUIS GARCIA, an individual, is a graphic artist and photographer who has gained recognition for creating movie posters for some of the most popular movies in the last 10 years, including *The Great Gatsby, 12 Years A Slave, Lincoln, 42* and *Jobs*. He is a citizen of the State of California.

## The Defendants

7. Plaintiff is informed, and believes, and thereon alleges that SHELTON JACKSON LEE a/k/a "Spike Lee," ("Lee") is an individual who is a citizen of the state of New York. Plaintiff is informed and believes and thereon alleges that Lee is a film director, producer, writer and actor. Plaintiff is informed and believes and thereon alleges that Mr. Lee's is the principal in a production company called 40 Acres and a Mule Filmworks, Inc.

8. Plaintiff is informed and believes and thereon alleges that FORTY ACRES AND A MULE FILMWORKS, INC. is a corporation organized and existing under the laws of the state of New York with its principal place of business in New York, at 360 Hamilton, Ste. 100, White Plains, NY 10601. Plaintiff is informed, and believes, and thereon alleges that FORTY ACRES AND A MULE FILMWORKS, INC. is a film production company. Plaintiff is informed and believes and thereon alleges that FORTY ACRES AND A MULE FILMWORKS, INC. co-produced the movie *Oldboy*.

9. Plaintiff is informed and believes and thereon alleges that 11:24 DESIGN, INC. ("11:24") is a corporation organized and existing under the laws of the state of California with its principal place of business in California, at 323 Culver Blvd., Playa Del Rey, CA 90293. Plaintiff is informed, and believes, and thereon alleges that 11:24 DESIGN INC. is an advertising and entertainment agency in the business of marketing, branding, and advertising.

10. Plaintiff is informed, and believes, and thereon alleges that ART SIMS, JR, ("Sims") is an individual who is a citizen of the state of California. Plaintiff is informed and believes and thereon alleges that Sims is the principal and owner of 11:24 DESIGN, INC.

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured, sold and/or displayed items bearing Plaintiff's copyrighted images, or assisted and/or materially contributed to the same. The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances,

including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///

///

## FACTUAL BACKGROUND

13. Defendant Lee is the director and producer of the film *Oldboy*, released in the United States in November 2013.

14. In January of 2013, Plaintiff conceptualized, created and arranged the following movie posters to promote *Oldboy* ("Subject Posters").

  

15. Plaintiff applied for and obtained Copyright Registrations VAu 1-152-890, VAu 1-153-067 and VA 1-905-908 to protect his original posters, including the images set forth in paragraph 16 above.

16. Plaintiff provided Defendants access to the posters, and offered Defendants the opportunity to use them to market their film, with the condition precedent that they pay Plaintiff for such use. Defendants never paid Plaintiff.

17. In approximately November 2013, the following movie posters, created by Plaintiff, were being used by Defendants, without Plaintiff's consent, to promote the movie *Oldboy* on the internet and through various social media channels:

  

18. Defendants, and each of them, reproduced and displayed the posters created by Plaintiff without authorization from Plaintiff. Moreover, these posters bear a tag stating, "© 2013 Spike Lee," and "© 40 Acres and a Mule Filmworks". This copyright attribution is false, as Plaintiff owns these posters, not anyone else, and the images were not owned or under license to Defendants. Moreover, Defendants knew this was false at the time these posters were created, but continued to reproduce and distribute this false information.

19. Defendants have manufactured, distributed and displayed other items bearing the images that infringe upon Plaintiff's copyrights and bearing false copyright management information.

///

///

///

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.

(Against All Defendants)

20.     Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

21.     Plaintiff is informed and believes and thereon alleges that all Defendants including all DOE Defendants, their customers and suppliers and each of them, had access to the Subject Posters, including without limitation, access through Plaintiff, access through copies published on the internet, and access through illegal copies.

22.     Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyrights in the Subject Posters by wrongfully creating copies of the copyrighted Subject Posters without Plaintiff's consent and then engaging in acts of affirmative and widespread self-promotion of the copies directed to the public at large by distributing said copies (and accompanying written materials) without authorization and with a false and misleading designation of creation, ownership and origin, and falsely representing that the Subject Images were their own.

23.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Posters, and/or by producing and distributing other works incorporating those derivative works without Plaintiff's permission.  Defendants then engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Posters that belong solely to Plaintiff.

24.     The unauthorized copies that Defendants created of Plaintiff's Subject Posters are either slavish copies or substantially similar copies of the Subject Posters.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for contributory copyright infringement because each Defendant with knowledge of the infringing activity acted to induce, cause, or materially contribute to the infringing conduct

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for vicarious copyright infringement because each Defendant had the right and ability to supervise the infringing conduct and a direct financial interest in the infringing activity.

27. Defendants' acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its rights.

28. Further, as a direct result of the acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large alleged above, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Posters. Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to said infringement of the Subject Poster.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION VIOLATION UNDER 17 U.S.C. 1202

(As Against All Defendants)

29. Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

30. Defendants and each of them, knowingly and with the intent to induce, enable, facilitate or conceal their acts of infringement described above, provided or distributed false CMI by conduct that included: (i) altering the title or other identifying information for the Subject Posters; (ii) removing Plaintiff's name and copyright notice from the Subject Posters; (iii) substituting the name of other parties as the purported copyright owner of the Subject Posters; (iii) providing false information about the authorizations and conditions for us of the Subject Posters; (iv) providing false contact information referring to such information; and (v) then distributing such false CMI on the internet, in social media, and in the promotion of *Oldboy*.

31. Defendants and each of them, without the authority of Plaintiff or the law, intentionally falsified, removed or altered the CMI contained on the Subject Posters by, among other things: (i) altering the title or other identifying information for the Subject Posters; (ii) removing Plaintiff's name and copyright notice from the Subject Posters; (iii) substituting the name of other parties as the purported copyright owner of the Subject Posters; (iii) providing false information about the authorizations and conditions for us of the Subject Posters; (iv) providing false contact information referring to such information; and (iv) including such false CMI on the internet, in social media, and in the promotion of *Oldboy*.

32. Defendants and each of them, without the authority of Plaintiff or the law, then distributed and displayed the Subject Posters knowing that they contained CMI regarding Plaintiff's Subject Posters that had been removed or altered without authority of Plaintiff or the law as described above.

33. Defendants and each of them, then distributed copies of Plaintiff's Subject Posters on the internet, and in social media either knowing that Plaintiff's CMI had been falsified, altered or removed without the authority of Plaintiff, or the law as described above, or having reasonable grounds to know that such conduct would

induce, enable, facilitate or conceal infringement of Plaintiff's copyright in the Subject Posters as described above.

34. Defendant engaged in the above described acts despite knowing or having reasonable grounds to know that the above acts would induce, enable, facilitate or conceal an infringement of any right under Title 17 of the United States Code.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for contributory violation of the integrity of Plaintiff's CMI because each Defendant with knowledge of the unauthorized activity acted to induce, cause, or materially contribute to the unauthorized conduct.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are also liable for vicarious violation of the integrity of Plaintiff's CMI because each Defendant had the right and ability to supervise the unauthorized conduct and a direct financial interest in the unauthorized activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected, statutory damages, as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected, statutory damages, as available under the Copyright Act, 17 U.S.C. § 1203;

4. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

5. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

6. The costs of this action and pre-judgment interest as allowed by law

7. Such further legal and equitable relief as the Court deems proper.

Dated: May 27, 2014

THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica Allen Gonzales
Attorneys for Plaintiff,
JUAN LUIS GARCIA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment of the Constitution.

Dated: May 27, 2014

THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica Allen Gonzales
Attorneys for Plaintiff,
JUAN LUIS GARCIA