DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)
ERICA ALLEN, ESQ. (SBN 234922)(eag@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Ste. 1025
Los Angeles, California  90069
(310) 203-9333; (310) 203-9233

Attorneys for Plaintiff,
JUAN LUIS GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS GARCIA ) | Case No. CV14-04039 PA (Ex) |
| ) | Honorable Percy Anderson |
| Plaintiff, ) | Complaint Filed: May 27, 2014 |
| ) | |
| v. ) | |
| ) | **PLAINTIFF'S AMENDED NOTICE** |
| SHELTON JACKSON LEE, a/k/a ) | **OF MOTION AND MOTION FOR** |
| "SPIKE LEE;" FORTY ACRES AND ) | **COURT ORDER ALLOWING** |
| A MULE FILMWORKS, INC.; 11:24 ) | **PLAINTIFF TO SERVE** |
| DESIGN, INC.; ART SIMS, JR.; and ) | **DEFENDANTS 11:24 DESIGN, INC.** |
| DOES 1 though 10, inclusive, ) | **AND ART SIMS, JR. BY MAIL AND** |
| ) | **E-MAIL** |
| Defendants ) | |
| ) | Date:  September 8, 2014 |
| _____ ) | Time:  1:30 p.m. |
| | Courtroom:  15 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS**

**OF RECORD:**

   **PLEASE TAKE NOTICE** that on September 8, 2014 at 1:30 p.m. in

1

Courtroom 15 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff, JUAN LUIS GARCIA will move for an Order allowing him to serve a copy of the Summons and Complaint on Defendants 11:24 DESIGN, INC., and ART SIMS, JR. (hereinafter "Defendants") by mail and e-mail. The Motion is made on the grounds that Plaintiff has made repeated attempts to personally serve Defendants, and have been unsuccessful despite best efforts.

    The Motion is based on the attached Memorandum of Points and Authorities, and the Declarations of Erica A. Gonzales and Juan Luis Garcia filed with this motion, the papers and evidence on file in this case, and such further evidence and argument as may be presented at the hearing.

Dated:  August 5, 2014                     THE LINDE LAW FIRM

                                    By:   /s/ Erica Allen Gonzales
                                           Douglas A. Linde
                                           Erica A. Gonzales
                                           Attorneys for Plaintiff
                                           JUAN LUIS GARCIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is a Copyright Infringement lawsuit, wherein Defendants wrongfully manufactured and distributed copies of Plaintiff's original, copyright protected movie poster without Plaintiff's consent to publicize their movie, *Oldboy*.

The Defendants include SHELTON JACKSON LEE, a/k/a "SPIKE LEE;" and FORTY ACRES AND A MULE FILMWORKS, INC.; who have been served, and 11:24 DESIGN, INC.; and its owner ART SIMS, JR., who have not been served despite Plaintiff's diligent efforts.  By and through the instant Motion, Plaintiff respectfully request an Order allowing him to serve a copy of the Summons and Complaint on Defendants 11:24 DESIGN, INC., and ART SIMS, JR. (hereinafter "Defendants") by mail and e-mail.

## II.  FACTUAL HISTORY RELEVANT TO SERVICE

Plaintiff first attempted to serve both Defendants at the address listed on the Secretary of State website, as ART SIMS, JR is listed as the Agent for Service of Process for 11:24 DESIGN, INC.  Declaration of Erica A. Gonzales, ¶2, Exhibit 1.  The address listed on the Secretary of State website was not the correct address.  Declaration of Gonzales, Exhibit 3.

1  Next, Plaintiff attempted service on the address listed on Defendant's website.
2  Declaration of Gonzales, ¶3, Exhibit 2.  This address was also incorrect.  Declaration of
3  Gonzales, Exhibit 3.  Plaintiff then hired a private investigator who confirmed the home
4  address of ART SIMS, JR.  Declaration of Gonzales ¶4.  Plaintiff's process server made
5  three attempts to serve Mr. Sims, at his home address, and was unable to do so.
6  Declaration of Gonzales, ¶4, Exhibit 3.

During the time Plaintiff was designing the posters that are the source of the infringement at issue, he regularly corresponded with Defendants via e-mail. Declaration of Juan Luis Garcia ¶2.  Additionally, Defendant ART SIMS, JR has contacted Plaintiff three times via e-mail, since the infringement occurred.  Declaration of Juan Luis Garcia ¶3.  Thus, he is obviously aware of the issue, and the e-mail address is one used by Mr. Sims regularly.  From the numerous attempts at service made on Mr. Sims, it appears that Defendants ART SIMS, JR and 11:24 DESIGN, INC. are evading service.  All other Defendants have been served in this action.  Accordingly, Plaintiff makes the instant Motion, seeking an order allowing Plaintiff to serve Defendants via certified mail through the US Postal Service, and via his e-mail address.

## II.  ARGUMENT

Plaintiff now alternatively seeks to serve Defendants by mail in order to avoid any further delay pursing this litigation.  Although not expressly stated in FRCP 4, service by certified mail with a signed return receipt has been found to be authorized as

4

a literal means of personal service. *Ott v. City of Milwaukee*, (7th Cir. 2012) 682 F3rd 552, 557. (Service by certified mail on two state agencies constitutes personal service because, "an agent of the postal service qualifies as 'a person at least 18 years of age and not a party,' and certified mail is a service that provides the sender with a mailing receipt; the post office also maintains a proof-of-delivery record with a copy of the recipients signature for years from the date of mailing.") Additionally, service via certified mail is an acceptable means of service for out of state defendants pursuant to C.C.P. §415.40, and FRCP 4(e)(1), authorizes use of state laws for service of summons.

Moreover, e-mail service has also been found to be an effective means of service where service cannot be made by other means. Indeed, the Ninth Circuit has held that the district Court has discretion to balance the limitations of e-mail service against its benefits in any particular case. *Rio Props. v. Rio Int'l Interlink,* (9th Cir. 2002) 284 F3d 1007, 1018. In *Rio*, the Court found that e-mail service may be upheld where service cannot be made by other means, and the e-mail does not bounce back, and therefore is presumably received.

Similar to this case, the Defendant in *Rio,* had structured its business so that it could only be contacted via its e-mail address. The Defendant did not have an office, and preferred e-mail communication. Here, as demonstrated in the Declaration of Due Diligence, Defendant 11:24 DESIGN, INC. does not have an office, and their website encourages online inquiries. Declaration of Gonzales, Exhibits 2-3. Indeed, the

5

website lists Defendant ART SIMS, JR.'s e-mail address as a place where the company can be contacted. Declaration of Gonzales, Exhibit 2. Notably, this is the same e-mail address that Mr. Sims used to correspond with the Plaintiff regarding the infringement.

A method of service of process must comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314. In light of the fact that Plaintiff has confirmed Defendant Smith's home address, and that Smith has e-mailed Plaintiff numerous times from his e-mail address, Defendants will be reasonably notified of the action, and afforded the opportunity to respond.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully request the Court make an order allowing Plaintiff to serve Defendants 11:24 DESIGN, INC. and ART SIMS, JR by certified mail, and e-mail, so that the litigation may proceed in an efficient manner.

Dated: August 5, 2014	THE LINDE LAW FIRM

By:_/s/ Erica Allen Gonzales_____
　　Douglas A. Linde
　　Erica Allen Gonzales
　　Attorneys for Plaintiff,
　　JUAN LUIS GARCIA