# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14–4039 PA (Ex) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Juan Luis Garcia v. Shelton Jackson Lee, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Order for Allowing Plaintiff to Serve Defendants 11:24 Design, Inc. and Art Sims, Jr. by Mail and E-mail ("Motion") and an Amended Motion filed by plaintiff Juan Luis Garcia ("Plaintiff").  (Docket Nos. 16, 19.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 8, 2014, is vacated, and the matter taken off calendar.

Under Federal Rule of Civil Procedure 4(h), service of a corporation, partnership, or unincorporated association may be accomplished by personally delivering a copy of the summons and complaint to an officer, general agent, or agent authorized to accept service.  Fed. R. Civ. P. 4(h)(1)(B).  Mailing the summons and complaint may also be required.  Id.  Alternatively, service may be performed in accordance with state law.

Under California law, service of a corporation must be made by delivering a copy of the summons and complaint to an officer of the corporation, or to a designated agent for service of process.  Cal. Code Civ. P. § 416.10.  The service may be made through personal delivery.  Cal. Code Civ. P. § 415.10.  Alternatively, service may be made by physically leaving a copy of the summons and complaint at the officer's or designated agent's office during usual office hours, and then also mailing a copy.  Cal. Code Civ. P. § 415.20.  This permits service at the "usually mailing address," which includes commercial "letter drop" facilities.  Service of an individual may be made in accordance with Section 415.20 in lieu of personal delivery to the person to be served as specified in Sections 416.10, 416.20, 416.40, or 416.50.

Additionally, service may be made by mail if a copy of the summons and complaint is mailed to the officer or designated agent, along with two copies of a notice and acknowledgment of receipt form and a return envelope, postage prepaid.  Cal. Code Civ. P. § 415.30.  Service by mail is not deemed complete, however, until the written acknowledgment of receipt of summons is executed and returned to the sender.  Cal. Code Civ. P. § 415.30(c).  Further, if these methods fail, then a summons may be served by publication.  Cal. Code Civ. P. §  415.50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14–4039 PA (Ex) | Date | September 8, 2014 |
|---|---|---|---|
| Title | Juan Luis Garcia v. Shelton Jackson Lee, et al. | | |

      Here, it does not appear that Plaintiff has exhausted his options for service upon Defendants. Plaintiff first attempted to serve both Defendants at the address listed on the Secretary of State website, as Art Sims, Jr. is listed as the Agent for Service of Process for 11:24 Design, Inc. (Declaration of Erica A. Gonzales ("Gonzales Decl."), 2, Exhibit 1.)  Next, Plaintiff attempted service on the address listed on Defendant's website.  (Gonzales Decl., 3, Exhibit 2.)  Both of those addresses were incorrect.  Plaintiff then hired a private investigator who confirmed the home address of Art Sims, Jr.  (Gonzales Decl., 4.)  Plaintiff's process server only made three attempts to serve Mr. Sims at his home address.  The process server was unable to do so on those three attempts.  (Gonzales Decl., 4, Exhibit 3.)  While it appears Plaintiff has been trying to serve Defendants, the Court finds that he has not exhausted his options sufficiently to warrant an order of service by mail or email.

      Accordingly, the Court denies Plaintiff's Motion for Order for Allowing Plaintiff to Serve Defendants 11:24 Design, Inc. and Art Sims, Jr. by Mail and E-mail.  The Complaint was filed on May 27, 2014.  Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  The Court extends Plaintiff's deadline to serve defendants Art Sims, Jr. and 11:24 Design, Inc. by 30 days.

      IT IS SO ORDERED.